IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STACY A. GIBSON, | ) | |
| | ) | Case No. CV-08-203-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| ADA COUNTY, IDAHO, a political | ) | |
| Subdivision of the State of Idaho; ADA | ) | |
| COUNTY BOARD OF COMMISSIONERS | ) | |
| Acting in an Official Capacity; JUDY M. | ) | |
| PEAVEY-DERR, acting in her former | ) | |
| Official Capacity as ADA COUNTY | ) | |
| COMMISSIONER FOR DISTRICT I; | ) | |
| RICK YZAGUIRRE, acting in his Official | ) | |
| Capacity as ADA COUNTY | ) | |
| COMMISSIONER FOR DISTRICT II: | ) | |
| FRED TILLMAN, acting in his Official | ) | |
| Capacity as ADA COUNTY | ) | |
| COMMISSIONER FOR DISTRICT III; | ) | |
| AND JOHN AND JANE DOES I Through | ) | |
| X, inclusive, acting officially in their | ) | |
| Capacities as officials, employees, and/or | ) | |
| Agents of ADA COUNTY, IDAHO, each of | ) | |
| said Defendants acting under color of Idaho | ) | |
| State Law, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss (Docket No. 4),

**Memorandum Decision and Order - 1**

Defendants' Motion to Strike (Docket No. 11), Plaintiff's Motion Requesting

Permission to Respond to Defendants' Reply Memorandum on Motion to Dismiss

(Docket No. 13), and Plaintiff's Motion for Sanctions (Docket No. 19).  The Court

has determined that the decisional process on these motions will not be

significantly aided by oral argument.  Therefore, the Court will decide the motions

without a hearing.

## ANALYSIS

### I.      Motion to Dismiss Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief," in order to

"give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  While a

complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed

factual allegations," it must set forth "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1965.

Factual allegations must be enough "to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)."  *Id.* (internal citations omitted).  The Supreme Court explained

that:

**Memorandum Decision and Order - 2**

> [a]sking for plausible grounds to infer [a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.* (footnote and quotation omitted).

As the Ninth Circuit recently stated, "[t]o avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. Daimler Chrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir. 2008), *as amended,* (quoting *Twombly,* 127 S.Ct. at 1974). Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.,* 119 F.3d 778, 783 n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it

**Memorandum Decision and Order - 3**

determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he is entitled to offer evidence to support the claims. *See Hydrick v. Hunter,* 500 F.3d 978, 985 (9th Cir. 2007).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank,* 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).

## II.     Defendants' Motion to Dismiss

Defendants ask the Court to dismiss Karel's claims for several reasons. The Court will discuss only the statute of limitations issue because it is dispositive of the pending motion.

### A.   Statute of Limitations

Federal courts apply the forum state's statute of limitations in 42 U.S.C. § 1983 personal injury actions.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004) (internal citations omitted).  In Idaho, a two year statute of limitations applies to these claims, and the limitations period begins to run on the date the cause of action accrues.  *Id.* (citing *Hallstrom v. Garden City*, 991 F.2d 1473, 1476 (1993); see also Idaho Code § 5-219(4)).  Although state law determines the length of the limitations period, federal law determines when the claim accrues.  *Id.* (citing *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir.2000)).  "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id.* (internal citation and quotation omitted).

In this case, Gibson filed her Complaint on May 8, 2008.  Gibson contends that the Complaint was filed within the two-year statute of limitations because her claim accrued on May 9, 2006 when the Idaho Supreme Court denied rehearing on her consolidated appeals in state court.  However, the Ninth Circuit has made clear that a claim accrues upon awareness of the actual injury or adverse employment action, and not when the plaintiff suspects a legal wrong.  *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1050-51 (9th Cir. 2008).  The Ninth

**Memorandum Decision and Order - 5**

Circuit has noted that once a plaintiff knows that harm has been done to her, she must determine within the period of limitations whether or not to sue – the same judgment tort claimants must make.  *Id.* (citing *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981).  Moreover, the Ninth Circuit has concluded that plaintiffs are injured when they lose their lawsuits, not when the losses are subsequently upheld on appeal.  *Id.* (citing *Morales*, 214 F.3d at 1154).  Significantly, "it is knowledge of having been caused injury, not subsequent judicial verification of the injury, that starts the running of the statute of limitations.  *Morales*, 214 F.3d at 1154.

Gibson's argument that she suffered injury when the Idaho Supreme Court "told" her that "there was no statute or constitutional authority in [] Idaho to allow her the due process she was entitled," and that "[h]er injury became complete when rehearing was denied on May 9, 2006" is a based on a mis-reading of federal law on when a § 1983 claim accrues.  Gibson's alleged injury accrued years before, as made evident by her multiple law suits, and as explained by Judge Lodge in his earlier opinion in the related case of *Gibson v. Ada County*, 2006 WL 507955, *6 (D.Idaho 2006).  Accordingly, the statute of limitations applies to bar Gibson's claims in this matter.

**Memorandum Decision and Order - 6**

### III.   Defendants' Motion for Attorney Fees

Defendants seek attorneys' fees pursuant to 42 U.S.C. § 1988.  Although the prevailing party in a § 1983 suit may recover attorney fees pursuant 42 U.S.C. § 1988(b), a prevailing defendant in a § 1983 suit should be awarded attorney fees only when the action is "unreasonable, frivolous, merciless, or vexatious." *Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.1994)*.  Having dismissed this case based on the applicable statute of limitations, which when applied to § 1983 claims can be somewhat difficult to interpret, the Court does not find that Gibson's claim was unreasonable, frivolous, merciless or vexatious.  However, as a shot across the bow, the Court will note that given the number of failed claims asserted by Gibson against Defendants in both this court and the Idaho state courts, the Court is growing wary of Gibson's true motives.  Gibson may not fare as well in the future should she continue asserting meritless claims against Defendants.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 4) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (Docket No. 11) shall be, and the same is hereby, DEEMED MOOT.

**Memorandum Decision and Order - 7**

IT IS FURTHER ORDERED that and Plaintiff's Motion Requesting

Permission to Respond to Defendants' Reply Memorandum on Motion to Dismiss

(Docket No. 13) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (Docket

No. 19) shall be, and the same is hereby, DENIED.

The Court will enter a separate Judgment as required by Federal Rule of

Civil Procedure 58.

DATED:  **November 12, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 8**